**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CLINT KRISLOV and MICHAEL POWERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.:   1:20-CV-00469 |
| COOK COUNTY OFFICERS ELECTORAL BOARD, HON. KAREN A. YARBROUGH, by Sisavanh Baker, HON. KIMBERLY FOXX, by Jessica M. Scheller, and HON. DOROTHY BROWN, by Meredith Hammer, | ) ) ) ) ) ) | Honorable Virginia M. Kendall |
| Defendants. | ) ) | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, The Cook County Officers' Electoral Board, Hon. Karen A. Yarbrough, by Sisavanh Baker, Hon. Kimberly Foxx, by Jessica M. Scheller, and Hon. Dorothy Brown, by Meredith Hammer, by and through their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her assistant, Lyle K. Henretty, move this Honorable Court to dismiss Clint Krislov ("Krislov" or "Candidate") and Michael Powers' (collectively, "Plaintiffs") Complaint pursuant to Fed. R.  Civ. P. 12(b)(1-2 and 6), and in support thereof states the following:

I.      **Introduction**

Plaintiff Krislov sought to be placed on the ballot as a candidate in General Primary Election for a seat on the Illinois Supreme Court.  (Docket No. 1, ¶ 1).  The Cook County Officers' Electoral Board ("Electoral Board") ultimately determined that Krislov did not have the requisite number of petition signatures for his name to be printed on the ballot for the March 17, 2020 General Primary Election.  (Docket No. 1, ¶ 5).  Instead of complying with the Illinois Election Code and appealing the Electoral Board's decision to the Circuit Court of Cook County,

1

Plaintiffs filed the instant action. Plaintiffs' Complaint must be dismissed for the following reasons: (1) This Court lacks jurisdiction over the Electoral Board's Decision (Section IV.A); (2) Plaintiffs have failed to state § 1983 claim for violation of their First Amendment Rights (Section IV.B); (3) The *Rooker-Feldman* Doctrine Bars Plaintiffs' claims (Section IV.C); (4) Plaintiffs did not properly serve necessary parties to this case (Section IV.D); and finally, (5) Plaintiffs' claims are barred by the doctrine of laches. (Section IV.E). For these reasons, Plaintiffs' Complaint should be dismissed with prejudice.

## II.   **Statement of Facts**

Plaintiff Krislov sought to be placed on the ballot for the Democratic nomination for the Illinois Supreme Court in the primary election scheduled for March 17, 2020.[1] (Docket No. 1, ¶ 2). Krislov alleges that he submitted 9,555 signatures of voters whom supported his candidacy to the Electoral Board. (*Id*., ¶ 3). Objectors challenged thousands of the signatures. (*Id*., ¶ 4). The objectors succeeded in challenging 4,601 signatures, leaving Krislov 108 short of the required 5,050 required signatures. (*Id.*). During the hearing before the Electoral Board, Krislov alleges he challenged the signature verification process in a number of ways and argued that his shortfall was within the "margin of error." (*Id*., ¶¶ 5-6). Plaintiffs plead that "considering even the most stringent margin of error for Professional Document Examiners, Krislov must be regarded as submitting the necessary 5,050 signatures to secure his place on the ballot, such that he and his supports have been deprived of their First Amendment rights of ballot access." (*Id*., ¶ 6).[2]

---

[1]      Plaintiff Michael Powers is one of the circulators for Krislov. (Docket No. 1, ¶ 2).

[2]      Additionally, Plaintiffs argue that the Electoral Board's process of reviewing signatures is deficient because: (1) the digital images reviewed by the Electoral Board are "visually deficient"(Docket No. 1, ¶¶ 11-13); and (2) the "records examiners" who review the signatures are not properly trained (Docket No. 1, ¶¶ 14-19).

The remainder of the allegations set forth in Plaintiffs' Complaint contain unsupported conclusions of fact and law, and citations to case law. Unsupported and conclusory allegations of fact or law "will not defeat an otherwise meritorious motion to dismiss." *Young v. Breeding*, 929 F. Supp. 1103, 1106 (N.D. Ill. 1996).

Plaintiff filed the instant action on January 21, 2020. (Docket No. 1). The Complaint purports to allege a violation of 42 U.S.C. §1983 in Count I and purports to seek Judicial Review of the Electoral Board's Decision pursuant to 10 ILCS 5/10-10.1 ("Illinois Election Code") in Count II.[3] There are no allegations in the Complaint that Plaintiffs sought judicial review in the Circuit Court of Cook County, or otherwise followed the requirements of Illinois Election Code. Plaintiffs also filed their Certificate of Service (Docket No. 1, p. 13) evidencing service on the Cook County Clerk and Intervenors-Objectors' attorneys by email and registered-certified mail. The Electoral Board, its members and the Intervenors-Objectors were not served by registered or certified mail. (*See Id.*).

### III. Standard of Review

When evaluating a motion to dismiss, the court accepts a complaint's well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007) (citations omitted). A well-pleaded complaint contains allegations that plausibly suggest that the plaintiff has a right to relief. *Id.* at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009). The plausibility standard announced in *Twombly* and *Iqbal* states that the court will accept well-pleaded facts in a

---

[3] Plaintiffs' Complaint does not identify with specificity under which count or counts Powers is proceeding as a Plaintiff. As Powers was not a candidate or party to the Objector's Petition, he cannot be a party to the action for judicial review.

complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to a presumption of truth. *Iqbal*, 129 S. Ct. at 1951 (2009). Once the conclusory allegations are taken away from consideration, the court determines whether the remaining factual allegations "plausibly suggest an entitlement to relief." *Id*. These allegations must not merely be consistent with an entitlement to relief, but they must plausibly suggest an entitlement to relief. *Id*. at 557. If the allegations give rise to an "obvious alternative explanation," the complaint may "stop short of the line between possibility and plausibility of 'entitle[ment] to relief." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. Oct. 20, 2011).

    **IV.**    <u>**Argument**</u>

        **A.**    **This Court Lacks Jurisdiction over Plaintiffs' Appeal of the Electoral Board's Decision.**

It is long-settled in this Circuit that a Federal District Court "has no supervisory power and no authority to instruct [an election board] how to follow state law." *Kasper v. Bd. of Election Comm'rs*, 814 F.2d 332, 342 (7th Cir. 1987). Even a *deliberate violation* of state election law is insufficient to state a claim under § 1983, as it "does not transgress against the Constitution." *Id*. The Seventh Circuit has held that "a claim of this character [is] so feeble that it justified an award of attorneys' fees on the court's initiative." *Id*., citing *Weinstein v. Univ. of Ill.*, 811 F.2d 1091, 1098 (7th Cir. 1987). "It is difficult to think of a greater intrusion on the state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 106 (1984).

Plaintiffs' Complaint seeks relief from an Illinois Electoral Board. Section 10.1 of the Illinois Election Code provides the mechanism and procedure to obtain such relief. Section 10.1 provides in pertinent part as follows:

> Sec. 10-10.1. (a) Except as otherwise provided in this Section, a candidate or objector aggrieved by the decision of an electoral board may secure judicial review of such decision in the circuit court of the county in which the hearing of the electoral board was held. The party seeking judicial review must file a petition with the clerk of the court and must serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail within 5 days after service of the decision of the electoral board as provided in Section 10-10. The petition shall contain a brief statement of the reasons why the decision of the board should be reversed. The petitioner shall file proof of service with the clerk of the court. No answer to the petition need be filed, but the electoral board shall cause the record of proceedings before the electoral board to be filed with the clerk of the court on or before the date of the hearing on the petition or as ordered by the court.

> The court shall set the matter for hearing to be held within 30 days after the filing of the petition and shall make its decision promptly after such hearing.

10 ILCS 5/10-10.1.

Plaintiffs' Complaint must be dismissed because this Court lacks subject matter jurisdiction. Courts may exercise jurisdiction in election cases "only when and as provided by statute." *Allord v. Municipal Officers Electoral Board for the Village of South Chicago Heights*, 288 Ill. App. 3d 897, 682 N.E.2d 125 (1st Dist. 1997). [4] If the procedures of Section 10-10.1 are not strictly adhered to, no jurisdiction is conferred upon the circuit court. *Nelson v. Qualkinbush*, 389 Ill. App. 3d 79, 86, 907 N.E.2d 400 (1st Dist. 2009). *See also Johnson v. Theis*, 282 Ill. App. 3d 966, 971, 699 N.E.2d 590 (2d Dist. 1996). Failure to comply with the strict requirements of Section 10-10.1 requires the dismissal of the Petition for lack of subject matter jurisdiction. *Nelson*, 389 Ill. App. 3d at 86-87; *Rivera v. Chicago Electoral Board*, 956 N.E.2d 20, 35-36 (1st

---

[4]     Prior to a 1967 amendment, Illinois Election Code stated that the decision of the Electoral Board was "final," which Courts interpreted as precluding judicial review. *Wiseman v. Elward*, 5 Ill. App. 3d 249, 253, 283 N.E.2d 282, 286 (1972).

Dist. 2011).

Section 10-10.1 of the Illinois Election Code governs petitions for judicial review requiring an aggrieved party to "secure judicial review of such decisions in the circuit court of the county in which the hearing of the electoral board was held." 10 ILCS 5/10-10.1. Section 10-10.1 also includes specific requirements to establish subject matter jurisdiction, including that: (1) a challenging petition be filed with the clerk of the court within 5 days after the electoral board issues its decision, (2) the petition state briefly the reason why the board's decision should be reversed, (3) the petitioner serve copies of the petition on the electoral board and other parties to the proceeding by registered or certified mail, and (4) the petitioner file proof of service with the clerk of the court. 10 ILCS 5/10-10.1(a)[5]; *Hough v. Will County Board of Elections,* 338 Ill. App. 3d 1092, 1094 789 N.E.2d 795 (3d Dist. 2003). Plaintiffs have failed to comply with <u>any</u> of the requirements of Illinois Election Code.

As such, Plaintiffs ask this Court to dismiss Plaintiffs' Complaint as it lacks jurisdiction to hear this case.

### B. Plaintiffs Have Failed to State a Claim for Deprivation of Their First Amendment Rights

In a further attempt to create federal jurisdiction where none exists, Plaintiffs have attempted to allege that the Defendants violated their First Amendment Rights and seek relief pursuant to 42 U.S.C. § 1983. Specifically, Plaintiffs allege that Krislov's disqualification is a violation of their rights under the First Amendment because the number of signatures produced by Krislov were "within the statistical margin of error." (Docket No. 1, ¶ 39). Thus, Plaintiffs contend, the Board's decision not to include Krislov on the March 17, 2020 General Primary

---

[5] Section 10-10.1(a) provides in relevant part: "The party seeking judicial review must file a petition with the clerk of the court and must serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail within 5 days after service of the decision of the electoral board . . . The petitioner shall file proof of service with the clerk of the court . . ."

Election Ballot violated Plaintiffs' "First Amendment Ballot access rights." (Docket No. 1, ¶ 44). This claim stands in direct contravention of federal and Illinois state law, and should be dismissed for failure to state a claim pursuant to F.R.C.P. 12(b)(6).

"A state election regulation will pass constitutional muster if it is nondiscriminatory and reasonably related to the state's important interest in protect[ing] the integrity and reliability of the electoral process itself. The State has the undoubted right to require candidates to take a preliminary showing of substantial support in order to qualify for a place on the ballot, because it is both wasteful and confusing to encumber the ballot with the names of frivolous candidates." *Johnson*, 680 F.Supp. 1229 at 1234, *quoting Anderson*, 460 U.S. at 788 n. 9. (Internal quotation marks omitted). A candidate either meets that minimum threshold or does not. *See Jackson-Hicks*, 2015 IL 118929, ¶ 37. There is no close enough. *Id*. This is to ensure consistency from one electoral jurisdiction to another *Id*. If the statutory minimum is subjective and variable, candidates will be left to speculate, which would significantly delay the election process. *Id*.

Here, Plaintiffs ask this Court to intervene on the Illinois election process because the Defendants *may* have miscalculated or misidentified the number of signatures challenged by the objectors. (Docket No. 1, ¶¶ 4-5). These allegations do not rise to the level of a First Amendment violation. Even if the Defendants erred in their determination that Krislov failed to submit the threshold number of signatures, the Defendants' mistakes or errors did not as a matter of law violate the First Amendment. *See Johnson*, 680 F.Supp. at 1235 ("Whether [the Board's] conclusion was correct, this court cannot say; that it was constitutionally permissible, this court has no doubt").

Since the Defendants' alleged actions did not violate the First Amendment, Count I should be dismissed with prejudice.[6]

        C.      **The *Rooker-Feldman* doctrine bars Plaintiffs' claims and the Circuit Court of Cook County, Illinois is the proper forum and venue to review the Electoral Board's decision and Plaintiffs' constitutional claim.**

*Rooker-Feldman* articulates that errors committed during the course of state litigation cannot be treated as federal constitutional torts:

> If a constitutional question stated in a federal suit actually arose in the state cause, it is the province and duty of the state court to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication.

See *Rooker v. Fidelity Trust Co*, 263 U.S.413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In this matter, the Illinois Supreme Court has addressed the issue of a candidate's compliance with the minimum numbers to be submitted for nomination or a political office and Illinois courts provide Plaintiffs with a forum and venue for review of the Electoral Board's decision. *Jackson-Hicks v. East St. Louis Bd. Of Election Com'rs*, 2015 IL 118929.

In a candidate's submission of signatures, a clear and unambiguous standard adopted by the General Assembly requires compliance with a specific numerical threshold determined according to a specific mathematical formula. *Jackson-Hicks*, 2015 IL 118929, ¶ 21. A candidate either meets that minimum threshold or does not. *Jackson-Hicks*, 2015 IL 118929, ¶ 37. There is no close enough. *Id*. This is to ensure consistency from one electoral jurisdiction to another *Id*. If the statutory minimum is subjective and variable, candidates will be left to speculate, which

---

[6]     In the event that this Court dismisses Count I only, the Defendants respectfully pray that the Court relinquishes any supplemental jurisdiction over Count II.

would significantly delay the election process. *Id*.

There are four (4) requirements for the application of the *Rooker-Feldman* doctrine. *Holblock v. Albany County Bd. Of Elections*, 422 F.3d 77, 89 (2d Cir.2005). The federal court plaintiff must have: 1) lost in the state court; 2) complained of injuries caused by a state-court judgment; 3) invited the district court review and rejection of that judgment; and 4) the state-court judgment must have been rendered before the district court proceedings commenced. *Holblock*, 422 F.3d 77, 89. A federal suit will commonly come after the state suit has unequivocally terminated. *Id*. Furthermore, the decision of a majority of the Electoral Board as to the validity of all nomination papers and any objections filed thereto is final and, unless clearly fraudulent, will not be reviewed. *People ex rel. Talerico v. Lata,* 96 Ill. App. 2d 34, 38 (Ill. App. Ct. 1st Dist. 1968).

The *Rooker-Feldman* doctrine applies to the instant case on both the micro and macro levels. As it pertains generally to the signature standards of the Electoral Board, this issue has already been definitively decided by the Illinois Supreme Court in *Jackson-Hicks*. As such, Plaintiffs are simply asking this Court to review and over-turn the Illinois Supreme Court, which is categorically inappropriate under *Rooker-Feldman*. On the micro level, Krislov lost at the Electoral Board, he claims he was injured by the decision, and he now asks this Court to overturn the final decision of the Board. Krislov wants to be placed on the ballot, in contravention of the Electoral Board's decision. His request that this Court reject the Electoral Board's judgement is barred by *Rooker-Feldman*.

### D. Plaintiffs' Complaint must be dismissed because Plaintiffs did not properly serve the Electoral Board and Intervenors-Objectors.

The Electoral Board and Intervenor-Objectors are indispensable parties to a petition for judicial review. *Rivera*, 956 N.E.2d at 28; *Allord*, 288 Ill. App. 3d at 903. Therefore, the

Plaintiffs must serve them with the petition for judicial review. *Rivera*, 956 N.E.2d at 28; *see also Hough,* 338 Ill. App. 3d at 1094 (those who contest candidacy comprise "other parties to the proceeding" and must be promptly served under section 10-10.1). Here, the Electoral Board and Intervenors-Objectors were not properly served with Plaintiffs' Complaint. This fatal error divests this Court of any potential subject matter jurisdiction over Plaintiffs' Complaint. *E.g. Russ v. Hoffman,* 288 Ill. App. 3d 281, 284 681 N.E.2d 519 (1st Dist. 1997).

Plaintiffs may argue that service on the Cook County Clerk and Intervenors-Objectors' attorneys in the matter before the Electoral Board satisfies the statutory requirements. However, language in Section 10-10.1 of the Election Code has been repeatedly interpreted by Illinois courts as requiring service on the parties themselves, and not just on a party's attorney. For example, in *Hough*, the petitioner-candidate filed a petition to review the decision of the Will County Board of Elections. 789 N.E.2d 795. The petitioner-candidate served copies of his petition on the attorney who represented the objectors but did not serve the objectors themselves in accordance with Section 10-10.1. *Id.* at 796. The court held that "[s]ince the service was not on the objectors themselves, [the Petition] does not comply with the statutory requirement…. These omissions resulted in a failure of jurisdiction on the circuit court…." *Id.* at 797. The Court further noted that "Petitioner Hough has not complied with the third and fourth jurisdictional prerequisites. He failed to provide contestants with copies of his petition in the circuit court challenging the ruling of the election board. Although he was *required to serve all of the contestants* personally, he instead served copies of his petition on the attorney who represented the objectors at the election board hearing." *Id.* (*emphasis added*)

Similarly, in *Allord*, the objector filed a petition for judicial review of the electoral board's decision. The objector served the members of the electoral board, their attorney, and the

attorney for the candidates, but did not serve the candidates themselves. 288 Ill. App. 3d at 901. The court held that the objector's failure to serve the parties was not excused, and service on the attorney who represented the party during the electoral board proceedings is not a sufficient substitute. *Id.* at 902. *See also Nelson*, 389 Ill. App. 3d at 87; *Rivera*, 956 N.E.2d 20.

Here, Plaintiffs failed to serve a copy of the Complaint on the Electoral Board and the Intervenors-Objectors. Unless the Electoral Board and all three (3) objectors are served, the Complaint including the request for judicial review must be dismissed for want of subject matter jurisdiction. 10 ILCS 5/10-10.1(a); Therefore, Plaintiffs have failed to properly serve the Complaint within the five (5) days set forth in Section 10-10.1. *Hough*, at 1094.

### E. Plaintiffs' Claims are Barred by the Doctrine of Laches.

Plaintiffs' decision to forgo the strict requirements of § 10-10.1(a), and their lack of diligence in moving this case toward swift resolution has unduly prejudiced the Defendants, and as such their case should be dismissed because it is barred by *laches*. Challenges to Electoral Board actions must be pursued on an accelerated schedule, particularly considering the short amount of time for election authorities to prepare, print and distribute ballots. Generally, *laches* in the election law context is "such a neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration, and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity." *Lenehan v. Twp. Officers Electoral Bd. of Schaumburg Twp.*, 2013 IL App (1st) 130619, ¶ 31. As the Court in *Lenehan* observed, "The objector's laches argument gives us the opportunity to analyze the interaction between a court hearing a last-minute ballot access case and the administrative exigencies created by orders in such cases." *Id.* ¶ 34. That Court noted "'election day' is now a month long." *Id.* ¶ 34. The Electoral Board decision removing this Candidate for failure to file enough valid signatures on

his nominating petitions was issued January 16, 2020.

To find *laches*, "two elements must be satisfied: (1) lack of diligence by the party asserting the claim and (2) prejudice to the opposing party as a result of the delay." *Id.* As to the first element, Plaintiffs have entirely failed to engage with, let alone exhaust, the administrative remedies available to him under Illinois law. They do not allege that Krislov sought judicial review in the Circuit Court of Cook County, as required by § 10-10.1(a) of the Illinois Election Code. Other than filing the instant case on January 21, 2020, Plaintiffs have taken no action to move his case forward. No motions seeking expedited hearing or relief were filed by the Plaintiffs. Given that Plaintiffs are seeking to have Krislov's name placed on a ballot for an election taking place in approximately five weeks of this motion, Plaintiffs have not been diligent in asserting or maintaining their claim.

This lack of diligence has directly prejudiced Defendants. As the attached affidavit from the Manager of Candidate Services for the Office of the Cook County Clerk sets forth, ballot preparation is already well underway for an election in which more than 2 million ballots will be printed in Cook County. (See Exhibit A, ¶ 3-5). Beginning January 31, 2020 military and overseas ballots have been assembled and completed and sent to voters in the military and residing overseas. (Id., ¶ 3). Review and finalization of the Democratic Party Primary ballots is scheduled to be completed the week of February 10, 2020. (Id., ¶ 4). Paper ballots should be printed and delivered to our warehouse and mail house beginning February 14, 2020. (Id.). The total number of Democratic primary ballots to be printed will exceed 2 million ballots, and the cost of reprinting ballots to add or delete a candidate name would be in the hundreds of thousands of dollars. (Id.). The Cook County Clerk will be printing approximately 1,024,341 Democratic Primary Ballots and the Board of Election Commissioners of the City of Chicago

will be printing approximately, 1,796,975. (Id.). Ballots must be printed with the names of all eligible candidates for the Democratic Party Primary Election. (Id.).

In person early voting and grace period voting begins February 19, 2020 for voters in both suburban Cook County and the City of Chicago. (Id. at ¶ 5). Touchscreen voting machines must be programmed for early voting, and each machine will be printing ballots cast by voters as of this date. (Id.). Because of the amount of lead time needed for the proofing and assembly of ballots, the election authorities would require sufficient time so that these ballots could be approved and finalized for printing by Friday, February 14, 2020. (Id. at ¶ 6). As such, Plaintiffs' delay and decision not to follow Illinois Election law will cause an undue burden on the Defendants if their case is allowed to proceed.

Balancing the prejudice to the election authorities and the need to conduct balloting by voters in an orderly manner, and the request of the Candidate to "restore Krislov's name to the March 17, 2020 ballot" *Complaint p. 12*, bars relief to the Plaintiffs. The obligation to seek relief in a timely manner in the election context is "hardly a new concept" and claims must be brought "expeditiously," *Jones v. Markiewicz-Qualkinbush*, 842 F.3d 1053, 1061 (7th Cir. 2016) (internal citations omitted). For these reasons, Plaintiffs' claims should be barred and this case should be dismissed with prejudice.

## V.    __Conclusion__

For the reasons stated above, Defendants' respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice.

Dated: February 12, 2020

<div style="margin-left:40%;">

Respectfully Submitted,
KIMBERLY M. FOXX
State's Attorney of Cook County

By:    _/s/ Lyle Henretty_
Lyle Henretty
Assistant State's Attorney
50 West Washington, Ste. 2760
Chicago, Illinois 60602
(312) 603-1424
lyle.henretty@cookcountyil.gov
For Defendants Cook County Officers' Electoral
Board, Hon. Karen A. Yarbrough by Sisavanh
Baker, Hon. Kimberly Foxx, by Jessica M. Scheller,
and Hon. Dorothy Brown, by Meredith Hammer

</div>