IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLINT KRISLOV, ) | |
| MICHAEL POWERS, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | No. 20 C 469 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| COOK COUNTY OFFICERS ) | |
| ELECTORAL BOARD, et al., ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM ORDER AND OPINION**

Clint Krislov sought placement on the March 17, 2020 ballot for the Democratic nomination for the Illinois Supreme Court. Krislov submitted 9,555 signatures to the Cook County Officers Electoral Board ("the Board"). Powers is one of those signatures. Objectors successfully challenged 4,601 of those signatures, leaving Krislov 108[1] signatures short of the 5,050 signatures required to make the ballot. Plaintiffs argue that the Board's decision to strike these signatures violated Illinois law and their First Amendment right of free association. The Complaint (Dkt. 1) seeks to have this this Court order the Board to place Krislov's name on the primary ballot.

Two motions are currently pending before the Court. First, three individuals who filed an objector's petition with the Board contesting the validity of some of Krislov's signatures move to intervene as necessary defendants in this case pursuant to Federal Rule of Civil Procedure 24(a)(2). (Dkt. 3.) Second, Defendants move to dismiss the case on the grounds that the Complaint fails to

---

[1] The Complaint suggests that Krislov was 108 signatures short, but that arithmetic is incorrect. (9,555 – 4,601 = 4954; 5,050 – 4954 = 96). The Court also notes that the signature and objection counts provided in the Complaint differ from those listed in the Board's decision. (Dkt. 1-3.) According to the Board's written opinion rejecting Krislov's challenge, he originally submitted 9,542 signatures, 4,610 of which were originally excluded. Ten of those 4,610 signatures were later rehabilitated. (Dkt. 1-3 at pp. 2–3) However, for purposes of this Motion, the Court is required to assume the factual accuracy of the facts alleged in the Complaint.

1

state claims upon which relief can be granted. (Dkt. 10.) For the reasons set forth below, the Motion to Dismiss is granted and the Motion to Intervene is denied as moot.

## BACKGROUND

The Court assumes that the following facts taken from Plaintiffs' Complaint are true for purposes of this motion. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Krislov seeks placement on the March 17, 2020 Democratic Party primary ballot for nomination to the Illinois Supreme Court. (Dkt. 1 ¶ 2.) In order to secure placement on that ballot, Krislov needed to file a petition with the Board containing 5,050 valid signatures. (*Id.* ¶ 4.)[2] Krislov submitted a petition containing 9,555 signatures in support of his candidacy. (*Id.* ¶ 3.) Plaintiff Michael Powers is among the individuals who circulated and signed Krislov's petition. (*Id.* ¶ 2.) Objectors challenged thousands of the signatures that Krislov submitted with his petition, and the Board excluded 4,601 of those signatures as invalid. (*Id.* ¶ 4.) After the Board excluded those signatures, Krislov did not have enough signatures to satisfy the 5,050 threshold. (*Id.*) Before the Board, Krislov challenged the process by which signatures were excluded. (*Id.* ¶ 5.) As part of his challenge, he explained that the number of valid signatures he still had placed him within the margin of error for professional document examiners. (*Id.*) The Board rejected this argument and continues to exclude him from the ballot. (*Id.*)

---

[2] Illinois law requires judicial candidate petitions to contain a number of signatures totaling 0.4% of the total votes cast in the district for the candidate for Governor from that political party in the most recent gubernatorial election. 10 ILCS 5/7-10(h). The Illinois Board of Elections calculated that figure as 5,050 for the 2020 Democratic election for Supreme Court Justice in District 1. ILL. STATE BD. OF ELECTIONS, 2020 CANDIDATE'S GUIDE, at p. 35, https://www.cookcountyclerk.com/sites/default/files/pdfs/2020%20IL%20Candidates%20Guide_0.pdf.

**LEGAL STANDARD**

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all permissible inferences in the non-moving party's favor. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To state a claim upon which relief may be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

**ANALYSIS**

**A.     Violation of 10 ILCS 5/10-10**

Illinois law provides a cause of action for candidates aggrieved by the decision of an election board. 10 ILCS 5/10-10.1(a). That cause of action specifically requires candidates to seek judicial review "in the circuit court of the county in which the hearing of the electoral board was held," i.e., not in federal court. *Id.*[3] Even if the Illinois statute allowed aggrieved candidates to sue in this Court for violations of Illinois election law, this Court would lack jurisdiction over such a claim because "[f]ederal courts have 'no supervisory powers and no authority to instruct the Board on how to follow state law.'" *Shipley v. Chi. Bd. of Comm'rs*, 947 F.3d 1056 (7th Cir. 2020)

---

[3] The Board's decision denying Krislov's petition also contains a notice that Illinois law requires any party aggrieved by its decision to seek judicial review in the Circuit Court of Cook County within five days of the Board's decision. (Dkt. 1-3 at p. 4.)

(quoting *Kasper v. Bd. of Election Comm'rs*, 814 F.2d 332, 342 (7th Cir. 1987). Thus, this Court lacks jurisdiction over Plaintiffs' claim that the Board violated Illinois law by excluding Krislov from the ballot.[4]

## B.     First Amendment Claim Under 42 U.S.C. § 1983

The ability of a candidate for public office to gain access to the ballot implicates the Constitutional rights to "associate politically with like-minded voters and to cast a meaningful vote." *Stone v. Bd. of Election. Com'rs for City of Chi.*, 750 F.3d 678 (7th Cir. 2014) (citing *Anderson v. Celebrezze,* 460 U.S. 780, 786 (1983)). But not all restrictions "on candidates' eligibility for the ballot impose constitutionally-suspect burdens." *Anderson*, 460 U.S. at 788. Indeed, signature requirements are valid prerequisites to ballot access if they are "reasonable" and "nondiscriminatory." *Stone*, 750 F.3d at 681 (quoting *Burdick v. Takushi,* 504 U.S. 428, 434 (1992)). In *Stone*, for example, the Seventh Circuit upheld a 12,500 signature requirement for making the Chicago mayoral ballot. 750 F.3d 678. Also n *Jenness v. Fortson*, 403 U.S. 431 (1971), the Supreme Court upheld a requirement of signatures accounting for more than 5% of the eligible voting population. Thus, there is no question that the Illinois statute—which requires signatures from .4% of the number of people who voted in a political party's most recent gubernatorial primary within the relevant electoral district—is constitutional.

But Plaintiffs do not apparently dispute the constitutionality of Illinois's statutory signature requirements; instead, they complain that the means by which the Board invalidated signatures was unlawful because: (1) "the records examiners have little training," or "special expertise", (2) there was a "lack of an objective standard" applied to the review of signatures, and (3) "the shortfall is well within the margin of error" such that the total number of accepted signatures should suffice.

---

[4] Because the Court is also dismissing the First Amendment claim, the Court also lacks supplemental jurisdiction over the state statutory claim.

4

(Dkt. 1 ¶¶ 14, 20.) These objections do not sound in First Amendment law, but rather in state administrative law.[5] As with the claim brought under the state statute, this Court lacks jurisdiction over a claim about the individuals a State agency hires or the statistical techniques those individuals use to implement the State's constitutionally valid election law. This Court cannot tell a State agency how to interpret the State's laws, but Plaintiffs' "First Amendment" claim asks this Court to do just that, by arguing that the agency must use only highly-trained document professionals and must account for margins of error in determining whether the statutory signature thresholds have been satisfied. This Court is without authority to redress a grievance of this nature, so Plaintiffs lack Article III standing. *See Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) ("The 'irreducible constitutional minimum of standing' consists of three elements: injury-in-fact, causation, and redressability."). Even if Plaintiffs had standing to bring this claim about the Board's administrative processes, the Illinois Supreme Court has already foreclosed the arguments brought in this count. *See Jackson-Hicks v. E. St. Louis Bd. of Election Com'rs*, 28 N.E.3d 170, 180 (Ill. 2015) ("As we have explained, the clear and unambiguous [signature] standard adopted by the General Assembly requires compliance with a specific numerical threshold determined according to a specific mathematical formula. A candidate either meets that minimum threshold or does not. There is no close enough. . . . [S]ubstantial compliance is not a valid justification for deviating from the clear and unambiguous minimum signature threshold set by the legislature.")

---

[5] Krislov might have some sort of Due Process claim, but he does not allege a Due Process claim, and the Court has received no briefing on whether the facts alleged state such a claim.

**CONCLUSION**

This Court lacks jurisdiction over Count I of Plaintiffs' Complaint because it is a state statutory claim that can only be heard in state court. Plaintiffs also fail to state a First Amendment claim in Count II. Defendants' Motion to Dismiss [10] is therefore granted. As the Court is dismissing the Complaint in its entirety, the Court need not consider whether Michael Powers has independent standing nor whether the intervenors are necessary parties to this suit. The Motion to Intervene [3] is dismissed as moot.

_____
Virginia M. Kendall
United States District Judge

Date: March 10, 2020